NOTICE
Decision filed 07/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250434-U

NO. 5-25-0434

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 15-CF-13 |
| | ) | |
| JEREMY A. IRONS, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in dismissing the defendant's section 2-1401 petition for relief from judgment where the defendant filed the petition more than 2 years after the judgment was entered, and where the judgment was not void.

¶ 2   The defendant, Jeremy A. Irons, is serving prison sentences for aggravated domestic battery and intimidation. He appeals from the trial court's order that granted the State's motion to dismiss his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). His appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit, and accordingly has filed with this court a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD gave proper notice of its *Finley* motion to the defendant, and this court gave him time to respond, but

1

he has not filed a response. Having reviewed OSAD's *Finley* motion, the accompanying memorandum, and the entire record on appeal, this court agrees with OSAD's assessment of this appeal. This court grants OSAD leave to withdraw as counsel and affirms the judgment of the trial court.

¶ 3                                  I. BACKGROUND

¶ 4                    A. Charges, Trial, Sentencing, and Direct Appeal

¶ 5     On December 31, 2014, outside a house in Champaign, Illinois, the defendant strangled his then-girlfriend, Sada Hoskins, and subsequently threatened to kill her if she informed her mother or the police. On March 16 and 17, 2015, the defendant was tried for charges stemming from the incident. A jury found the defendant guilty of three offenses—aggravated domestic battery, a class 2 felony (720 ILCS 5/12-3.3(a-5), (b) (West 2012)), intimidation, a Class 3 felony (*id*. § 12-6(a)(1), (b)), and domestic battery, a Class A misdemeanor (*id*. § 12-3.2(a)(2), (b)).

¶ 6     The presentence investigation report showed that the defendant was born on February 1, 1988. Therefore, he was 26 years old at the time of the instant offenses. His criminal history included one felony conviction: in Champaign County case No. 05-CF-1932, he was convicted of attempted aggravated robbery, a Class 2 felony, and he was sentenced to three years in prison on April 3, 2006. The defendant was 18 years old at the time he was sentenced in case No. 05-CF-1932, and 17 years old at the time he committed the attempted aggravated robbery.

¶ 7     On April 17, 2015, the trial court held a hearing in aggravation and mitigation. At the end of that hearing, the court remarked that the defendant was "the ultimate definition of what a domestic batterer is" and found that the sole mitigating factor was the defendant's age, 27 at the time of sentencing. The court sentenced the defendant to imprisonment for the maximum extended

2

term of 14 years for aggravated domestic battery and a consecutive 6-year term for intimidation. The misdemeanor domestic-battery count merged with the aggravated-domestic-battery count.

¶ 8    A Class 2 felony, such as aggravated domestic battery, was generally punishable by imprisonment for a term between three and seven years. 730 ILCS 5/5-4.5-35(a) (West 2012). However, because the defendant had a prior Class 2 felony conviction—for attempted aggravated robbery—within 10 years of the instant conviction, excluding time in custody, he was eligible for an extended-term sentence. See *id.* §§ 5-5-3.2(b)(1), 5-8-2(a). The extended term was between 7 and 14 years. *Id.* § 5-4.5.35(a).

¶ 9    On direct appeal, the defendant argued, *inter alia*, that his sentence was excessive in light of his youth, minimal criminal background, and lack of serious injury to the victim. The Appellate Court, Fourth District, adjusted the monetary assessments imposed in the case, but otherwise affirmed the defendant's convictions and sentences. *People v. Irons*, 2017 IL App (4th) 150295.

¶ 10                B. Postconviction Proceeding, Appeal

¶ 11    In 2018, the defendant filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). The trial court appointed postconviction counsel, who filed an amended postconviction petition on the defendant's behalf. The amended petition was largely focused on the defendant's sentences. The defendant claimed, *inter alia*, that the trial court erred in imposing permissive consecutive sentences, that the trial court deprived the defendant of a fair sentencing hearing by considering "incompetent" evidence, and that trial counsel provided constitutionally ineffective assistance by failing to file a motion for reconsideration of sentences.

¶ 12    On March 7, 2019, the State filed a motion to dismiss the amended postconviction petition. In regard to those postconviction claims related to the defendant's sentences and sentencing, the

3

State argued, *inter alia*, that they concerned purported errors that could have been raised in the direct appeal. The defendant filed a reply to the State's motion to dismiss.

¶ 13    On April 16, 2019, the trial court entered a written order that granted the State's motion to dismiss the defendant's amended postconviction petition. The Fourth District Appellate Court affirmed. *People v. Irons*, 2021 IL App (4th) 190276-U.

¶ 14              C. Section 2-1401 Petition: The Subject of the Instant Appeal

¶ 15    On October 21, 2024, the defendant placed in the prison mail system a *pro se* petition for relief from a void judgment, pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022)). The clerk of the circuit court file-stamped the petition on October 25, 2024.

¶ 16    In his section 2-1401 petition, the defendant claimed that his judgment of conviction, entered on April 17, 2015, was void. The reason for the judgment's voidness, according to the defendant, was that his 14-year, extended-term sentence for the Class 2 felony of aggravated domestic battery was predicated upon the defendant's prior Class 2 felony conviction for attempted aggravated robbery in Champaign County case No. 05-CF-1932 (mentioned above), an offense that the defendant had committed on October 18, 2005, when he was 17 years old. The defendant conceded that the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2004)), at the time, required him to be prosecuted as an adult, in criminal court, for the aggravated attempted robbery, since he was 17 at the time of commission. However, the defendant noted that Public Act 98-61 (eff. Jan. 1, 2014) had amended the Act so that anyone under the age of 18 was subject to the exclusive jurisdiction of the juvenile court. This statutory amendment, the defendant asserted, meant that the defendant's 2006 conviction for aggravated armed robbery could no longer be considered an adult "conviction," and therefore it was no longer a qualifying conviction for an

4

extended-term sentence in the instant case. The defendant did not offer any legal reasoning to support this assertion.

¶ 17    On December 6, 2024, the State filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2022)). In the portion of the motion seeking dismissal under section 2-615 of the Code (*id.* § 2-615), the State argued, *inter alia*, that the 2014 amendment of the age limit in the Act (from 17 to 18) was not retroactive to earlier cases, and therefore the change had no impact on the defendant's attempted-aggravated-robbery conviction in Champaign County case No. 05-CF-1932. Therefore, the conviction in that prior case could still be used as a qualifying conviction for an extended-term sentence in the instant case. In the portion of the motion seeking dismissal under section 2-619 of the Code (*id.* § 2-619), the State argued, *inter alia*, that the section 2-1401 petition was untimely, and it only put forth arguments that were, or could have been, raised previously, and therefore were improper under the doctrines of *res judicata* and waiver.

¶ 18    On April 22, 2025, the trial court entered an order that granted the State's motion to dismiss the defendant's section 2-1401 petition. The court found that the petition was time-barred and that it raised an issue that was barred by the doctrines of *res judicata* and waiver. The court also found that there was no support in Illinois caselaw for the defendant's claim that his conviction in Champaign County case No. 05-CF-1932, for attempted aggravated robbery, could no longer be considered an adult felony conviction for purposes of extended-term sentencing in the instant criminal case.

¶ 19    The defendant appealed from the order granting the State's motion to dismiss. The trial court appointed OSAD as his attorney on appeal.

¶ 20                                    II. ANALYSIS

¶ 21    This appeal is from the trial court's order that granted the State's motion to dismiss the defendant's section 2-1401 petition for relief from judgment. As previously noted, OSAD has filed a *Finley* motion to withdraw as counsel, along with a supporting memorandum of law. OSAD raises the potential issue of whether the defendant's petition was timely filed, and if not, whether the petition challenges a judgment that is void. OSAD concludes that the issue, and this appeal, are without merit. This court agrees.

¶ 22    A petition for relief from judgment "is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). Section 2-1401(c) of the Code typically allows for relief from final orders and judgments more than 30 days but less than two years after their entry. 735 ILCS 5/2-1401(c) (West 2024).

¶ 23    Here, the challenged judgment of conviction was entered on April 17, 2015, the day the defendant was sentenced, and his section 2-1401 petition was filed on October 21, 2024, which was more than seven years after the two-year limitations period had run. Clearly, the defendant did not file his petition within the limitations period.

¶ 24    A criminal defendant may seek relief beyond the two-year limitations period where he challenges an order or judgment as void. *Id.* § 2-1401(f)). See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). An order or judgment is void if it was entered by a court that lacked jurisdiction over the person of the defendant or over the subject matter addressed. *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-12, 15. "Personal jurisdiction is the court's power 'to bring a person into its adjudicative process.' " *In re M.W.*, 232 Ill. 2d 408, 415 (2009) (quoting

6

Black's Law Dictionary 870 (8th ed. 2004)). Subject matter jurisdiction refers to a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *Id.* (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, Inc., 199 Ill. 2d 325, 334 (2002)).

¶ 25　Personal jurisdiction derives from the actions of the person sought to be bound. *In re Luis R.*, 239 Ill. 2d 295, 305 (2010). In the instant case, when the State's Attorney initiated the criminal prosecution of the defendant, the defendant did not object to the trial court's jurisdiction over his person. The defendant never filed with the trial court an objection to personal jurisdiction. See 735 ILCS 5/2-301 (West 2024) (permitting objections to jurisdiction over the person). Instead, he appeared before the trial court and proceeded to defend himself against the charges. By appearing before the trial court, the defendant submitted to the court's jurisdiction. See *In re Luis R.*, 239 Ill. 2d at 305. The judgment of conviction entered on April 17, 2015, was not void for lack of personal jurisdiction. The trial court had personal jurisdiction over the defendant.

¶ 26　As for subject-matter jurisdiction, the Illinois Constitution confers upon the trial courts all of the jurisdiction that they have, except for their jurisdiction to review administrative action, which is conferred by statute. *Belleville Toyota*, 199 Ill. 2d at 334. Under the Illinois Constitution, the jurisdiction of trial courts extends to all "justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9. A justiciable matter is a "definite and concrete" controversy that "touch[es] upon the legal relations of parties having adverse legal interests." *Belleville Toyota*, 199 Ill. 2d at 335. Provided that a matter brought before the trial court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the trial court has subject-matter jurisdiction to consider it. *In re Estate of Martin*,

7

2020 IL App (2d) 190140, ¶ 39. Criminal charges against an individual are justiciable matters. *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16.

¶ 27 Here, the trial court had subject-matter jurisdiction over the defendant's criminal case. The fact that the trial court may have deviated from statutory requirements "does not operate to divest the court of [subject matter] jurisdiction." *McCormick v. Robertson*, 2015 IL 118230, ¶ 22; *Belleville Toyota*, 199 Ill. 2d at 340-41. "Generally, once a court has acquired [subject-matter] jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. *** [A] court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *People v. Davis*, 156 Ill. 2d 149, 156 (1993). Even if the trial court misapplied the sentencing laws and imposed an extended-term sentence where such a sentence was not allowed, the court nevertheless retained its jurisdiction over this case. See *Castleberry*, 2015 IL 116916 (overruling the "void sentence rule" established in *People v. Arna*, 168 Ill. 2d 107 (1995)). The trial court had subject-matter jurisdiction to enter the judgment of conviction on April 17, 2015. The judgment was not void.

¶ 28 Because the defendant's section 2-1401 petition was filed more than two years after the challenged judgment of conviction, and because that judgment was not void, the petition was untimely. The trial court did not err in granting the State's motion to dismiss.

¶ 29 Finally, and regardless of what else can be said about the allegations in the defendant's section 2-1401 petition, the defendant's claim that due to a 2014 statutory amendment, his 2006 conviction was no longer a "conviction" for extended-term-sentencing purposes is preposterous. In his petition, the defendant correctly noted that Public Act 98-61 (eff. Jan. 1, 2014) had amended section 5-120 of the Act (705 ILCS 405/5-120 (West 2024)) so as to raise the juvenile court's exclusive jurisdiction from minors under the age of 17 to minors under the age of 18. However,

8

this simple and true statement was immediately followed by a conclusion that lacks any legal basis, namely, that the statutory amendment applied retroactively to the defendant's 2006 conviction for aggravated armed robbery, and that the 2006 conviction could no longer be considered a conviction that qualified him for an extended-term sentence in the instant case. "Generally, an amendment to a statute will be construed to apply prospectively and not retroactively. [Citation.] This presumption can be rebutted by express statutory language or by necessary implication. [Citations.]" *People v. Digirolamo*, 179 Ill. 2d 24, 50 (1997). Nothing in Public Act 98-61 rebuts the presumption of prospective application. In fact, the amendment to section 5-120 of the Code includes the following one-sentence paragraph: "The changes made to this Section by Public Act 98-61 apply to violations or attempted violations committed on or after January 1, 2014 (the effective date of Public Act 98-61)." By the amended statute's own terms, the changes wrought by the amendment have no effect on the defendant's aggravated armed robbery, which was committed on October 18, 2005. The 2006 conviction remains an adult "conviction" despite the 2014 statutory amendment to the Act.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated above, the trial court did not err in granting the State's motion to dismiss the defendant's section 2-1401 petition for relief from judgment. No argument to the contrary has arguable merit. Accordingly, this court grants OSAD leave to withdraw as counsel and affirms the judgment of the trial court.


¶ 32    Motion granted; judgment affirmed.